UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

STEVEN A. WALLACE,                    No. 2:08-cv-00729-MCE-KJM

    Plaintiff,

  v.                                  MEMORANDUM AND ORDER

VIDA S. BOBBA, M.D., A MEDICAL
CORPORATION dba REDDING CANCER
TREATMENT CENTER; and DOES 1
through 50, inclusive,

    Defendants.

----oo0oo----

Presently before the Court is Plaintiff's Motion to Remand. Plaintiff originally filed this action in Shasta County Superior Court on March 12, 2008.  In his Complaint, Plaintiff stated that he "is an individual residing in the County of Anchorage, State of Alaska."  Complaint, ¶ 1.  It is undisputed that Defendant is "a corporation doing business in the State of California, County of Shasta."  Id., ¶ 2.  Thus, alleging diversity of citizenship, Defendant removed to this Court on April 3, 2008.  Plaintiff now claims that he is a domiciliary of California only temporarily residing in Alaska.

1

PDF created with pdfFactory trial version www.pdffactory.com

Because this Court finds that Plaintiff is domiciled in California for purposes of 28 U.S.C. § 1332, Plaintiff's Motion is granted.[1]

## ANALYSIS

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). Generally, district courts have original jurisdiction over civil actions in two instances: (1) where there is complete diversity between the parties, or (2) where a federal question is presented in an action arising under the Constitution, federal law, or treaty. 28 U.S.C. §§ 1331 and 1332.

The removing party bears the burden of establishing federal jurisdiction. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). Furthermore, courts construe the removal statute strictly against removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). If there is any doubt as to the right of removal in the first instance, remand must be granted. See Gaus, 980 F.2d at 566. Therefore, if it appears before final judgment that a district court lacks subject matter jurisdiction, the case shall be remanded to state court. 28 U.S.C. § 1447(c).

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

PDF created with pdfFactory trial version www.pdffactory.com

## I. DIVERSITY OF CITIZENSHIP

Diversity of citizenship is the only alleged basis for jurisdiction in this case. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--citizens of different States." 28 U.S.C. § 1332(a)(1). A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). A "natural person's state of citizenship is...determined by [his] state of domicile, not [his] state of residence. A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (internal citations omitted).

Plaintiff moved to Alaska from California in 2007. He still owns his family home in California, which he is renting to a third party in his absence. Plaintiff maintains a California driver's license, California mailing address, and membership in California professional organizations. Additionally, Plaintiff testified that he intends, upon the end of his term of current employment, to return to California. On the basis of the foregoing, this Court finds Plaintiff to be a California domiciliary. Thus, because Defendant is also a California citizen, the parties are not diverse and Plaintiff's Motion to Remand must be granted.

3

PDF created with pdfFactory trial version www.pdffactory.com

**II.   FEES AND COSTS**

Pursuant to 28 U.S.C. 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." However, "[a]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005). The Ninth Circuit has also applied this rule to requests for the taxing of costs associated with a successful motion to remand. See Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1254 (9th Cir. 2006).

Defendant's removal of this case was objectively reasonable in light of the Plaintiff's status as a resident of Alaska and his current employment as a Senior Chief Medical Physicist with the Providence Alaska Medical Center. Accordingly, Plaintiff's Motion for Fees and Costs is denied.

**CONCLUSION**

Plaintiff's Motion to Remand is GRANTED. Plaintiff's Motion for Fees and Costs is DENIED. The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: December 17, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4

PDF created with pdfFactory trial version www.pdffactory.com